UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CAROLYN DANIELS, *pro se*,

                 Plaintiff,

                 -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security

                 Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
07-CV-1085 (DLI) (RLM)

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Carolyn Daniels, *pro se*, filed an application for supplemental security income ("SSI") under the Social Security Act (the "Act") on July 15, 2004. Plaintiff's application was denied initially and on reconsideration. Plaintiff appeared unrepresented and testified at a hearing held before an Administrative Law Judge ("ALJ") on April 18, 2006. By a decision dated May 5, 2006, the ALJ concluded that plaintiff was not disabled within the meaning of the Act. On January 17, 2007, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review. Plaintiff filed the instant action seeking judicial review of the denial of benefits, pursuant to 42 U.S.C. § 1383(c)(3). The Commissioner now moves for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), seeking affirmation of his denial of benefits. Plaintiff, *pro se*, filed no opposition to the Commissioner's motion.[1] For the reasons set forth more fully below, the Commissioner's motion for judgment on the pleadings is granted.

---

[1] The court will view the facts most favorably to Plaintiff, the non-moving party. Moreover, the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## BACKGROUND

A.  **Non-medical and Testimonial Evidence**

On April 18, 2006, plaintiff appeared *pro se* and testified at a hearing conducted by ALJ Mary Shire ("ALJ"). At the time of the hearing, plaintiff was 44-years-old. (A.R. 224.) She has an eleventh grade education, and lives with her 15-year-old daughter. (A.R. 228.) Plaintiff indicated that she smokes and drinks. (A.R. 230.) Prior to the alleged date of onset, plaintiff worked as a home health aide, assisting home-bound patients with cooking, laundry, cleaning, and errands. She also accompanied them to appointments with doctors. (A.R. 230-31.) This position required her to lift up to 100 pounds on occasion and between 50-60 pounds regularly. (A.R. 232.) She typically worked eight hours per day, five days per week. (A.R. 233.) She asserted that her rheumatoid arthritis rendered her unable to perform her prior work; however, to pay her bills, she continued to work as a home health aide after the alleged onset date. (A.R. 234, 236.) She takes Naprosyn for pain relief. (A.R. 234.)

Melissa Fass-Karlin, a vocational expert, attended the hearing and testified as well. Ms. Fass-Karlin classified plaintiff's past relevant work as a home health aide as requiring a medium level of exertion. (A.R. 247.) Ms Fass-Karlin discussed the level of exertion required for two sedentary positions, order clerk and security surveillance monitor. (A.R. 248-50.) Plaintiff repeatedly indicated that she could perform the duties of both of these positions. (A.R. 250-51, 253.) These statements are consistent with her statements earlier in the hearing that she could perform some work, just not her past relevant work as that work required heavy lifting. (A.R. 223-25.)

B.  **Medical Evidence**

Plaintiff's alleged onset date is June 23, 2004. (A.R. 38-40, 48.) The record contains progress reports and medical evidence from Dr. Allen Falescky, M.D. and other medical professionals at Central Brooklyn Medical Group dated from January 8, 2003 to March 2, 2006. (A.R. 105-50, 161-98, 203-17.) The records indicate that plaintiff was treated for a variety of ailments including a right upper eye lid sty, a work-related injury to the right shoulder and wrist, and hemorrhoids. (A.R. 141, 149-50, 205.) On June 23, 2004, plaintiff complained of multiple joint pain and swelling. (A.R. 116.) Her pain persisted and Dr. Falescky referred her to Rheumatologist Brian D. Golden, M.D. (A.R. 114-15.) On September 10, 2004, Dr. Golden diagnosed plaintiff with seropositive rheumatoid arthritis and prescribed Methotrexate, Prednisone, and a calcium supplement. (A.R. 201-02.)

Dr. E.B. Balinberg, M.D., an agency physician, examined plaintiff on September 29, 2004. (A.R. 151-53.) Dr. Balinberg diagnosed her with chronic rheumatoid arthritis and indicated that continued treatment was necessary. (A.R. 152.) Dr. Balinberg also evaluated her residual functional capacity. (A.R. 154-59.) He indicated that she could occasionally lift and/or carry twenty pounds, frequently lift and/or carry ten pounds, stand and/or walk about six hours in an eight hour day, sit about six hours in an eight hour day, push or pull with unlimited restrictions, and could climb, balance, stoop, kneel, crouch, and crawl occasionally. (A.R. 155-56.) He also reported that her subjective complaints were partially credible. (A.R. 157-58.)

Plaintiff then continued treatment with Dr. Felescky. On May 17, 2005, Dr. Felescky cleared plaintiff to return to work as a home health aide (A.R. 174); however, her symptoms persisted. Plaintiff's most up to date diagnosis is recurrent rheumatoid arthritis. (A.R.163.)

3

# DISCUSSION

**A.     Standard of Review**

Unsuccessful claimants for disability benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 1383(c)(3).  A district court reviewing the final determination of the Commissioner must determine whether the correct legal standards were applied and whether substantial evidence supports the decision.  *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).  The former determination requires the court to ask whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the Act."  *Echevarria v. Sec'y of Health & Human Servs.,* 685 F.2d 751, 755 (2d Cir. 1982) (internal quotations omitted).  The latter determination requires the court to ask whether the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

The district court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  A remand by the court for further proceedings is appropriate when "the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the . . . regulations."  *Manago v. Barnhart*, 321 F. Supp. 2d 559, 568 (E.D.N.Y. 2004).  A remand to the Commissioner is also appropriate "[w]here there are gaps in the administrative record."  *Rosa v. Callahan*, 168 F.3d 72, 83

(2d Cir. 1999) (quoting *Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997)). ALJs, unlike judges, have a duty to "affirmatively develop the record in light of the essentially non-adversarial nature of the benefits proceedings." *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999).

**B.     Disability Claims**

To receive disability benefits, claimants must be "disabled" within the meaning of the Act. *See* 42 U.S.C. § 423(a), (d). Claimants establish disability status by demonstrating an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months. *Id*. § 423(d)(1)(A). The claimant bears the initial burden of proof on disability status and is required to demonstrate disability status by presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques," as well as any other evidence the Commissioner may require. 42 U.S.C. § 423(d)(5)(A); *see also Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983).

ALJs must adhere to a five-step inquiry to determine whether a claimant is disabled under the Act as set forth in 20 C.F.R. § 416.920. If at any step, the ALJ makes a finding that the claimant is either disabled or not disabled, the inquiry ends there. First, the claimant is not disabled if he or she is working and performing "substantial gainful activity." 20 C.F.R. § 416.920(b). Second, the ALJ considers whether the claimant has a "severe impairment," without reference to age, education or work experience. Impairments are "severe" when they significantly limit a claimant's physical or mental "ability to conduct basic work activities." 20 C.F.R. § 416.920(c). Third, the ALJ will find the claimant disabled if his or her impairment meets or equals an impairment listed in Appendix 1.[2]

---

[2]     20 C.F.R. pt. 404, subpt. P, app. 1.

20 C.F.R. § 416.920(d). If the claimant does not have a listed impairment, the ALJ makes a finding about the claimant's "residual functional capacity" in steps four and five. 20 C.F.R. § 416.920(e). In the fourth step, the claimant is not disabled if he or she is able to perform "past relevant work." 20 C.F.R. § 416.920(e). Finally, in the fifth step, the ALJ determines whether the claimant could adjust to other work which exists in the national economy, considering factors such as age, education, and work experience. If so, the claimant is not disabled. 20 C.F.R. § 416.920(f). At this fifth step, the burden shifts to the Commissioner to demonstrate that the claimant could perform other work. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing *Carroll*, 705 F.2d at 642).

**C.     ALJ's Decision**

At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability.³ (AR. 16.) At the second step, the ALJ found that plaintiff's alleged impairment—rheumatoid arthritis—was "severe" within the meaning of the Act; however, at the third step, the ALJ found that the impairment did not meet or equal one of the listed impairments contained in Appendix 1, Subpart P, Regulation No. 4. (*Id*.) At the fourth step, the ALJ found that plaintiff could not perform her past relevant work as a home health aide because that position required a medium level of exertion, which plaintiff could not perform. (*Id*.) The ALJ then found that plaintiff retained a residual functional capacity to perform sedentary work. (A.R. 17.) Finally, the ALJ considered plaintiff's age, education, and work experience, as well as testimony from plaintiff and a vocation expert to determine that plaintiff could work as either an order clerk or a surveillance system monitor. (*Id*.) The ALJ determined that these positions, classified as sedentary,

---

    ³    The ALJ noted that plaintiff had continued working as a home health aide after her alleged onset date; however, in his opinion, she did not work regularly enough to be considered engaged in "substantial gainful activity." (A.R. 12.)

6

were available in the regional and national economy. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Act. (AR. 15-17.)

**D.  Application**

    **1.  Notice of Right to Counsel**

It is well settled that a "claimant is entitled to be represented by counsel at the hearing and the ALJ must ensure that the claimant is aware of this right." *Robinson v. Sec. of Health & Human Servs.*, 733 F.2d 255, 257 (2d Cir. 1984); *Frank v. Chater*, 924 F. Supp. 416, 423 (E.D.N.Y. 1996). Adequate notification includes: "(1) an explanation of the benefits of having an attorney to aid in the proceedings; (2) notification of the possibility of seeking free counsel or a contingency arrangement; and (3) notification regarding the statutory twenty-five percent withholding limitation on attorneys' fees as well as the fee approval process generally." *Frank*, 924 F. Supp. at 423. Further, "[o]nce a claimant is provided with adequate notification, she may effectively waive the option to proceed with counsel either in writing or on the record before the ALJ." *Id*. To ensure a full and fair hearing, the ALJ must ensure that the claimant knowingly and intelligently waived her right to counsel. *See Vaughn v. Apfel*, 98-CV-0025 (HB), 1998 WL 856106, *4 (S.D.N.Y. Dec. 10, 1998).

At the hearing, the ALJ explained to plaintiff that she had the option of retaining an attorney, that legal services organizations might represent her for free, and that private attorneys would work on a contingency arrangement and not receive more than the statutory limitation on compensation. (A.R. 222-23.) Plaintiff indicated that she understood that she could adjourn the hearing to retain counsel, but that she wished to proceed. (A.R. 223.) The ALJ engaged in the proper notice-of-counsel colloquy and there is nothing in the record to indicate that plaintiff's waiver was anything but knowing and intelligent.

## 2. Disability Determination

In determining that plaintiff is not disabled within the meaning of the Act, the ALJ applied the correct legal standards and made a determination that is supported by substantial medical evidence. The medical evidence plaintiff submitted does not refute the ALJ's determination that she was able to perform sedentary work as either an order clerk or surveillance monitor. In fact, by May 2005, Dr. Felescky cleared her to return to work as a home health aide (A.R. 174). The medical evidence submitted corroborates the findings of the agency physician, Dr. Balinberg, who found that despite her impairment, plaintiff could perform at least light work. (A.R. 155-56.) Moreover, at the hearing, plaintiff repeatedly indicated that she could perform the duties associated with the two sedentary positions identified by the vocational expert. (A.R. 250-51, 253.) The record is unclear, but it appears that the vocation expert, at the request of plaintiff and the ALJ, may have assisted plaintiff in finding such work. (A.R. 252.) Finally, it is clear from the record that these positions are readily available in the local and national economy. (A.R. 248-53.) Thus, on the evidence in the record, the ALJ's determination that plaintiff was not disabled must stand.

## CONCLUSION

For the reasons set forth above, the Commissioner's motion for judgment on the pleadings is granted.

SO ORDERED

DATED:   Brooklyn, New York
         March 15, 2009

                                          _____/s/_____
                                          DORA L. IRIZARRY
                                          United States District Judge